HARRISONVILLE TELEPHONE COMPANY, Petitioner-Appellant, v. THE ILLINOIS COMMERCE COMMISSION *et al.*, Respondents-Appellees.

Fifth District   No. 5—87—0679

Opinion filed November 4, 1988.—Rehearing denied December 7, 1988.

Douglas G. Brown, of Douglas G. Brown, P.C., of Springfield, for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (James E. Weging, Special Assistant Attorney General, of Chicago, of counsel), for respondent Illinois Commerce Commission.

JUSTICE LEWIS delivered the opinion of the court:

This is a direct appeal brought by petitioner, Harrisonville Telephone Company (Harrisonville), from an order of the Illinois Com-

merce Commission (the Commission), authorizing Harrisonville to operate and maintain telecommunications cable and associated equipment along a private roadway and to acquire the necessary easement rights, granting Harrisonville a variance from the requirements of Commission Rules 300.20 and 300.30 (83 Ill. Adm. Code 300.20, 300.30 (1985)), and ordering Harrisonville to comply with the aforementioned rules in all future projects requiring certification pursuant to section 8—406 of the Public Utilities Act (the Act) (Ill. Rev. Stat. 1987, ch. 111⅔, par. 8—406) or an order under section 8—503 of the Act (Ill. Rev. Stat. 1987, ch. 111⅔, par. 8—503). Because of our disposition of this case, we will provide only a procedural history.

On July 3, 1986, Harrisonville petitioned the Commission for an order authorizing it to operate and maintain telecommunications equipment along a private roadway and to acquire the necessary easement rights. Following a hearing on September 4, 1986, Harrisonville, on September 15, 1986, filed a report of compliance in an attempt to demonstrate its compliance with Commission Rules 300.20 and 300.30. Alternatively, Harrisonville requested a variance pursuant to Commission Rule 300.70 (83 Ill. Adm. Code 300.70 (1985)). Thereafter, two additional hearings were held, evidence was presented, and the case was submitted to the hearing examiner for decision on February 17, 1987.

On June 15, 1987, the hearing examiner issued a proposed order authorizing Harrisonville to acquire an easement and thereafter to operate and maintain its cable along the private roadway. The proposed order granted Harrisonville a variance from the requirements of Commission Rules 300.20 and 300.30; however, it directed Harrisonville to comply with the aforementioned rules in all future projects requiring certification pursuant to section 8—406 or an order under section 8—503 of the Act.

Harrisonville filed exceptions to the proposed order on June 24, 1987, and filed a brief purportedly in support of its exceptions on July 9, 1987. Harrisonville initially argued that the disputed provisions of the Administrative Code apply only where a utility seeks to acquire easements outside of its certified territory. In its brief, Harrisonville expanded that argument, contending that Commission Rules 300.20 and 300.30 do not apply to telephone companies.

In the Commission's order entered July 15, 1987, the Commission held that the rules in question applied to all utilities, including telephone companies. The Commission granted Harrisonville its requested relief; however, the Commission also adopted that part of the hearing examiner's proposed order which directed Harrisonville to comply

with Commission Rules 300.20 and 300.30 "in all future projects which require a certificate under Section 8—406 or an order under Section 8—503 of the Act" unless a variance is obtained. Harrisonville appealed from that portion of the Commission's order which directed compliance in future projects.

We vacate that portion of the Commission's order which directs Harrisonville to comply with the Commission's rules in projects not as yet undertaken. We believe the Commission lacked the authority to enter such an order given the procedural posture of this case. We affirm the remainder of the Commission's order.

■■ An administrative agency, such as the Commerce Commission, is created by statute and has no general or common law powers. (*Peoples Gas Light & Coke Co. v. Illinois Commerce Comm'n* (1987), 165 Ill. App. 3d 235, 520 N.E.2d 46.) Because it is a creature of the legislature, the Commerce Commission derives its power and authority solely from the statute creating it, and its acts or orders which are beyond the purview of the statute are void. *Illinois Power Co. v. Illinois Commerce Comm'n* (1986), 111 Ill. 2d 505, 490 N.E.2d 1255.

■■ The Illinois Administrative Procedure Act (Ill. Rev. Stat. 1987, ch. 127, par. 1001 *et seq.*) applies to proceedings before the Commerce Commission. (Ill. Rev. Stat. 1987, ch. 111²/₃, par. 10—101.) The Administrative Procedure Act provides for "contested case" adjudication and for "declaratory rulings" (Ill. Rev. Stat. 1987, ch. 127, pars. 1003.02, 1009(a)).

> " 'Contested case' means an adjudicatory proceeding, not including rate making, rule-making, quasi-legislative, informational or similar proceedings, in which the individual legal rights, duties or privileges of a party are *required by law to be determined* by an agency only after an opportunity for hearing." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 127, par. 1003.02.

■■ The Commerce Commission has included the foregoing definition in its own rules and has expanded it consistent with section 10—101 of the Public Utilities Act to include any complaint case, investigative proceeding or ratemaking case. (See 83 Ill. Adm. Code 200.40 (1985).) As regards declaratory rulings, the Administrative Procedure Act provides in pertinent part that

> "[e]ach agency may in its discretion provide by rule for the filing and prompt disposition of petitions or requests for declaratory rulings as to the applicability to the person presenting the petition or request of any statutory provision enforced by the agency or of any rule of the agency. Declaratory rulings shall

not be appealable." (Ill. Rev. Stat. 1987, ch. 127, par. 1009(a).) Our research has revealed no rule of the Commerce Commission which provides for the rendering of declaratory rulings. Barring the adoption of such a rule in compliance with appropriate rulemaking procedures, the Commission has no authority to render declaratory rulings.

■ We view the Commission's order, as it pertains to "future projects" not as yet undertaken, as a declaratory ruling; thus, the Commission had no authority to enter that part of the order. Harrisonville sought an order authorizing it to operate and maintain telecommunications equipment along a private roadway and to acquire easements therefor. Harrisonville argued that it had complied with the applicable Commission rules. Alternatively, it contended that a variance would be appropriate. The Commission found that Harrisonville had not complied with the Commission's rules, but that a variance should be granted. Had Harrisonville been denied a variance, it could have appealed that denial and raised a question as to the rule's validity. However, Harrisonville was granted its variance. No other action by the Commission was required to determine the correlative rights and duties of the parties before the Commission. That part of the Commission's order which addressed future projects unrelated to the project under consideration was gratuitous, unnecessary, and a determination not "required by law" within the meaning of the statutory definition of a contested case. Since the Commission granted a variance in this case, its pronouncement as to future cases was superfluous. We believe the Commission's pronouncement was in essence a declaratory ruling on the duties of a telephone company—a ruling which the Commission was not authorized to enter. We express no opinion as to the validity of the Commission's rules.

For the foregoing reasons, we vacate that portion of the Commission's order which directed Harrisonville to comply with the Commission's rules in future projects. We affirm the remainder of the Commission's order since it does appear that Harrisonville's failure to comply with the rules in question resulted in no injury to any party and the variance was thus properly granted.

Vacated in part; affirmed in part.

HARRISON, P.J., and CALVO, J., concur.