BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT No. 502, Petitioner, v. ILLINOIS EDUCATIONAL LABOR RELATIONS BOARD *et al.*, Respondents.

Fourth District   No. 4—92—0082

Opinion filed February 11, 1993.

Timothy A. Bridge, of Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., of Chicago (Everett Nicholas, Jr., and John T. Taylor, of counsel), for petitioner.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Robert G. Toews, Assistant Attorney General, of Chicago, of counsel), for respondent Illinois Educational Labor Relations Board.

Cotton, Watt, Jones & King, of Chicago (Michael H. Slutsky, of counsel), for respondent College of Du Page Faculty Association.

JUSTICE KNECHT delivered the opinion of the court:

Petitioner Board of Trustees of Community College District No. 502 seeks direct administrative review of the opinion and order of the Illinois Educational Labor Relations Board (Board) dismissing the unfair labor practice charge filed against respondent College of Du Page Faculty Association, IEA-NEA (Association), in its entirety for failure to establish a *prima facie* violation of either section 14(b)(3) or (b)(6) of the Illinois Educational Labor Relations Act (Act) (Ill. Rev. Stat. 1991, ch. 48, pars. 1714(b)(3), (b)(6)). (*Board of Trustees of Community College District No. 502*, 8 Pub. Employee Rep. (Ill.) par. 1010, No. 91—CB—0021—C (Illinois Educational Labor Relations Board, Dec. 27, 1991).) We affirm the Board's order.

The facts of the case are set forth in the Board's order, and we therefore will recite only those facts necessary to the resolution of the issue presented. Petitioner filed an unfair labor practice charge against the Association, alleging it violated section 14(b)(3) of the Act by grieving and demanding to arbitrate a matter expressly excluded from review under the grievance-arbitration procedure contained in the collective-bargaining agreement. The complaint also alleged the

Association violated section 14(b)(6) of the Act (Ill. Rev. Stat. 1991, ch. 48, par. 1714(b)(6)) by "refusing to comply with the provisions of a final and binding decision of the Faculty/Administration Review Board (FARB)."

The Executive Director of the Board dismissed the charge in its entirety for failure to establish a *prima facie* violation of either section 14(b)(3) or (b)(6) of the Act. (*Board of Trustees of Community College District No. 502*, 7 Pub. Employee Rep. (Ill.) par. 1090, No. 91—CB—0021—C (Illinois Educational Labor Relations Board, Executive Director's recommended decision and order, July 16, 1991).) Following the filing of exceptions, the Board affirmed the Executive Director's dismissal of the section 14(b)(3) charge based on its previous holding in *Alton Community Unit School District No. 11*, 7 Pub. Employee Rep. (Ill.) par. 1013, No. 89—CB—0007—S (Illinois Educational Labor Relations Board, Dec. 18, 1990) (hereinafter 7 Pub. Employee Rep. (Ill.) par. 1013).

In *Alton*, the Board reversed the position it had previously taken in *Brookfield-LaGrange Park School District No. 95*, 3 Pub. Employee Rep. (Ill.) par. 1117, Nos. 86—CB—0019—C, 86—CA—0112—C (Illinois Educational Labor Relations Board, Nov. 2, 1987)—*i.e.*, that under certain circumstances an employee organization could violate section 14(b)(3) of the Act by improperly demanding arbitration—and held, based on its "administrative experience since *Brookfield-La-Grange Park*" (7 Pub. Employee Rep. (Ill.) par. 1013, at IX-66), an exclusive representative's demand to arbitrate an inarbitrable matter *would not* be regarded as a violation of section 14(b)(3). The Board also affirmed the dismissal of the section 14(b)(6) charge, finding the FARB decision was not binding on the parties.

On appeal, petitioner argues *Alton* was wrongly decided as it contravenes existing case law vesting the Board with exclusive jurisdiction to resolve arbitrability disputes, impedes an employer's ability to enforce negotiated waivers, insulates an exclusive representative from liability for arbitrating inarbitrable matters, and causes an employer to incur needless costs and expenses related to the arbitration. It further argues the Board erred in concluding the FARB decision was not a final and binding order.

■ As a general rule, courts will accord deference to the interpretation placed on a statute by the agency charged with its administration and enforcement. (*Central City Education Association v. Illinois Educational Labor Relations Board* (1992), 149 Ill. 2d 496, 510, 599 N.E.2d 892, 898; *City of Burbank v. Illinois State Labor Relations Board* (1989), 128 Ill. 2d 335, 345, 538 N.E.2d 1146, 1149.) An

administrative agency's interpretation is, however, not binding and will be rejected when it is erroneous as a matter of law. (*Board of Education of Harrisburg Community Unit School District No. 3 v. Illinois Educational Labor Relations Board* (1992), 227 Ill. App. 3d 208, 211, 591 N.E.2d 85, 87; *Hardin County Education Association v. Illinois Educational Labor Relations Board* (1988), 174 Ill. App. 3d 168, 174, 528 N.E.2d 737, 740.) This court has further held considerable deference must be given to the Board because of its expertise in educational labor matters. (*Decatur Federation of Teachers v. Illinois Educational Labor Relations Board* (1990), 199 Ill. App. 3d 190, 197, 556 N.E.2d 780, 784; *Decatur Board of Education, District No. 61 v. Illinois Educational Labor Relations Board* (1989), 180 Ill. App. 3d 770, 775, 536 N.E.2d 743, 746.) To do otherwise would transform appellate review into trial *de novo*. Such a result would substitute the court's general knowledge for the expertise required of Board members by section 5 of the Act (Ill. Rev. Stat. 1991, ch. 48, par. 1705). *Decatur Board of Education*, 180 Ill. App. 3d at 775, 536 N.E.2d at 746.

■ The conduct in the present case is the exact conduct which the Board in *Alton* held did not constitute a section 14(b)(3) violation. Whether an exclusive representative can violate section 14(b)(3) by demanding arbitration of an inarbitrable matter is a question of policy uniquely within the expertise of the Board. Based on its expertise and experience to date, it has concluded a section 14(b)(3) violation is not committed by a union's demand to arbitrate an inarbitrable grievance. We find no reason to reverse the Board's ruling, which represents a single change in policy particularly because it promotes arbitration and is within the realm of expertise of the Board. (See, *e.g.*, *N L R B v. Transportation Management Corp.* (1983), 462 U.S. 393, 402-03, 76 L. Ed. 2d 667, 675-76, 103 S. Ct. 2469, 2474-75.) Similarly, we affirm the Board's dismissal of the section 14(b)(6) charge.

For the foregoing reasons, the order of the Board is affirmed.

Affirmed.

STEIGMANN, P.J., and LUND, J., concur.