ILLINOIS MUNICIPAL ELECTRIC AGENCY, Petitioner, v. ILLINOIS COMMERCE COMMISSION *et al.*, Respondents.

Fourth District    No. 4—93—0173

Opinion filed August 12, 1993.

Douglas G. Brown and Troy A. Fodor, both of Douglas G. Brown, P.C., of Springfield, for petitioner.

Gary B. Pasek, of Decatur, for respondent Illinois Power Company.

Roland W. Burris, Attorney General, of Springfield (James E. Weging, Special Assistant Attorney General, of Chicago, of counsel), for respondent Illinois Commerce Commission.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff, the Illinois Municipal Electric Agency (IMEA), filed a petition with the Illinois Commerce Commission (Commission) seeking "an order confirming that it does not have jurisdiction over the IMEA's contract with the City of Highland, Illinois, to share a portion of the cost of construction of the new 138 KV facilities serving Highland, Illinois." Illinois Power Company (IP) was allowed to intervene. The Commission entered an order on December 9, 1992, finding that the IMEA was seeking a declaratory judgment which it was without authority to issue. Accordingly, IMEA's petition was denied and it now appeals. We affirm.

IMEA is a municipal power agency organized pursuant to the Illinois Joint Municipal Electric Power Act (Electric Power Act) (Ill. Rev. Stat. 1991, ch. 24, par. 11—119.1—1 et seq.). On June 1, 1990, IMEA entered into a long-term power supply contract with the City of Highland to provide electrical power at wholesale rates. In an addendum to the contract, dated October 15, 1990, IMEA agreed "to provide, subject to obtaining any required regulatory approval, no later than five (5) years from the date this contract takes effect, facilities in place and operating at the points of delivery rated at 138 kilovolts." The City of Highland was to pay one-half the cost of constructing this new facility.

IMEA filed its petition on October 4, 1991, seeking an order from the Commission that it had no jurisdiction over the contract. A hearing was held on June 2, 1992. The Commission issued its decision on December 9, 1992. After reviewing the arguments made by all the parties in their respective pleadings and briefs, the Commission concluded:

"[T]hat the IMEA is seeking a declaratory judgment from the Commission which the Commission is without authority to issue in light of the *Harrisonville* decision. In that case, the Court stated:

[']Our research has revealed no rule of the Commerce Commission which provides for the rendering of declaratory rulings. Barring the adoption of such a rule in compliance with appropriate rule-making procedures, the Commission has no authority to render declaratory rulings.['] [Citation.]

At the present time, as at the time of the Harrisonville decision, the Commission has no rule governing the issuance of declaratory judgments. The Commission, therefore, finds that the petition should be denied."

The IMEA's application for rehearing and request for oral argument, filed on January 8, 1993, was denied on January 27, 1993. The IMEA timely filed its notice of appeal.

The IMEA raises two arguments on appeal. First, it contends the Commission has the authority to determine whether it has jurisdiction over the subject matter of a petition filed with it. The IMEA relies upon the case of *Metropolitan Distributors, Inc. v. Illinois Department of Labor* (1983), 114 Ill. App. 3d 1090, 449 N.E.2d 1000. Second, the IMEA believes the case relied upon by the Commission, *Harrisonville Telephone Co. v. Illinois Commerce Comm'n* (1988), 176 Ill. App. 3d 389, 531 N.E.2d 43, provides no support for its decision. The IMEA concludes, based on the language quoted from *Harrisonville*, the Commission "should not be heard to argue the absence of 'rules' when it is the 'rulemaker' that has refused to make the rules."

The Commission contends there is no "contested case," as that phrase is defined in section 3.02 of the Illinois Administrative Procedure Act (Act) (Ill. Rev. Stat. 1991, ch. 127, par. 1003.02), but rather that the IMEA seeks a declaratory ruling. The Commission notes that section 9 of the Act (Ill. Rev. Stat. 1991, ch. 127, par. 1009) allows an agency to provide for declaratory rulings. However, the Commission has not so provided; accordingly, it has no jurisdiction over the petition filed by the IMEA. Finally, the Commission believes *Metropolitan*

has no relevance to this matter but that *Harrisonville* is dispositive of the issue presented.

IP agrees with the Commission that the IMEA sought a declaratory ruling which the Commission was without authority to issue. It is also the position of IP that the Commission does not have jurisdiction over the ministerial act of executing a contract but that it does have jurisdiction over the subject matter of the contract, specifically the construction of the 138 KV power line and the acquisition by the IMEA of any necessary right of way for such line. IP is concerned that the IMEA will equate the lack of jurisdiction over the execution of the contract with the lack of jurisdiction over the subject matter of the contract, which has never been presented to or addressed by the Commission.

An administrative agency such as the Commerce Commission derives its power to act solely from the statute by which it was created and agency action which exceeds its authority is void. *Chemed Corp. v. State* (1989), 186 Ill. App. 3d 402, 410, 542 N.E.2d 492, 497.

Section 3.02 of the Act provides:

> " 'Contested case' means an adjudicatory proceeding, not including rate making, rule-making, quasi-legislative, informational or similar proceedings, in which the individual legal rights, duties or privileges of a party are required by law to be determined by an agency only after an opportunity for hearing." (Ill. Rev. Stat. 1991, ch. 127, par. 1003.02.)

Section 9(a) of the Act states:

> "Each agency may in its discretion provide by rule for the filing and prompt disposition of petitions or requests for declaratory rulings as to the applicability to the person presenting the petition or request of any statutory provision enforced by the agency or of any rule of the agency." Ill. Rev. Stat. 1991, ch. 127, par. 1009(a).

In *Harrisonville*, the petitioner, Harrisonville Telephone Company, appealed from an order of the Commission authorizing it to operate and maintain telecommunications cable and associated equipment along a private roadway and to acquire the necessary easement rights, granting Harrisonville a variance from the requirements of the Commission rules, and ordering Harrisonville to comply with certain Commission rules in all future projects. The court held that the portion of the Commission decision unrelated to the project under consideration was a declaratory ruling and therefore void.

The Commission's order directed Harrisonville to comply with certain Commission rules " 'in all future projects which require a certifi-

cate under Section 8—406 or an order under Section 8—503 of the [Public Utilities] Act' " unless a variance is obtained. (*Harrisonville*, 176 Ill. App. 3d at 392, 531 N.E.2d at 45.) The court believed the Commission was without authority to enter such an order given the procedural posture of the case.

The court noted the definition in the Act of "contested case" and the section providing for declaratory rulings. The court then stated:

"Our research has revealed no rule of the Commerce Commission which provides for the rendering of declaratory rulings. Barring the adoption of such a rule in compliance with appropriate rulemaking procedures, the Commission has no authority to render declaratory rulings." *Harrisonville*, 176 Ill. App. 3d at 393, 531 N.E.2d at 45.

The court viewed the Commission's order, as it pertained to future projects not as yet undertaken, as a declaratory ruling. The Commission found that Harrisonville had not complied with the Commission's rules, but that a variance should be granted. Had Harrisonville been denied a variance, it could have appealed that denial and raised a question as to the rule's validity. However, Harrisonville was granted its variance and therefore no other action by the Commission was required to determine the correlative rights and duties of the parties before the Commission. The court stated:

"That part of the Commission's order which addressed future projects unrelated to the project under consideration was gratuitous, unnecessary, and a determination not 'required by law' within the meaning of the statutory definition of a contested case. Since the Commission granted a variance in this case, its pronouncement as to future cases was superfluous. We believe the Commission's pronouncement was in essence a declaratory ruling on the duties of a telephone company—a ruling which the Commission was not authorized to enter." *Harrisonville*, 176 Ill. App. 3d at 393, 531 N.E.2d at 46.

Likewise, the IMEA is asking for a declaratory ruling in this case. It merely wants a ruling from the Commission that it has no jurisdiction over the contract with the City of Highland. Section 11—119.1—10 of the Electric Power Act provides that contracts between a municipal power agency and its wholesale customers, the rates to be charged by a municipal power agency to its wholesale customers, and the issuance of bonds by a municipal power agency shall not require the consent and approval of the Illinois Commerce Commission. (Ill. Rev. Stat. 1991, ch. 24, par. 11—119.1—10.) Thus, the statute clearly states that the IMEA does not need the consent of the Commission in

order to contract with the City of Highland. Moreover, there is no factual dispute regarding the contract and neither party has challenged the propriety of the contract. Therefore, we find the ruling sought by the IMEA would be gratuitous, unnecessary and a determination not required by law within the meaning of the statutory definition of a contested case. Therefore, the Commission correctly determined it was without authority to issue the ruling sought by the IMEA since it would be a declaratory ruling.

Finally, we briefly address the IMEA's argument that *Metropolitan* is dispositive of the issues presented by this appeal. In that case, the Illinois Department of Labor appealed an order which permanently enjoined it from conducting any further investigations into severance pay claims by former employees. The circuit court held that severance pay claims were beyond the jurisdiction of the Labor Department to investigate.

The court stated initially: "The Department asserts, and we agree, that the initial determination of whether an agency has jurisdiction over a particular matter should be made by the agency itself." (*Metropolitan*, 114 Ill. App. 3d at 1092, 449 N.E.2d at 1002.) The IMEA alleges, based on this language, the Commission has the duty to determine whether it has jurisdiction over the petition filed by the IMEA.

The Commission determined it had no authority to issue the order sought by the IMEA. No contested case existed and the Commission cannot issue declaratory rulings. Thus, the IMEA's reliance on *Metropolitan* is misplaced.

For the foregoing reasons, the Commission's order is affirmed.

Affirmed.

STEIGMANN, P.J., and GREEN, J., concur.