LEWIS H. COON, Petitioner, v. THE ILLINOIS EDUCATIONAL LABOR RELATIONS BOARD *et al.*, Respondents (Board of Governors of State Colleges and Universities, Defendant).

Fourth District    No. 4—94—0254

Opinion filed November 22, 1994.

Lewis H. Coon, of Eastern Illinois University, of Charleston, petitioner *pro se.*

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Robert G. Toews, Assistant Attorney General, of counsel), for respondent Illinois Educational Labor Relations Board.

Charles Orlove and David S. Allen, both of Jacobs, Burns, Sugarman, Orlove & Stanton, of Chicago, and David L. Stanczak, of Dunn, Ulbrich, Hundman, Stanczak & Ogar, of Bloomington, for other respondent.

JUSTICE LUND delivered the opinion of the court:

Petitioner Lewis Coon appeals from a decision of the Illinois Educational Labor Relations Board (IELRB). (*University Professionals of Illinois, Local 4100 (Coon)* 10 Pub. Employee Rep. (Ill.) par. 1043, No. 93—FS—0014—S (Illinois Educational Labor Relations Board February 25, 1994) (hereinafter 10 Pub. Employee Rep. (Ill.) par. 1043).) We affirm.

Petitioner was on the staff of Eastern Illinois University (Eastern). The collective-bargaining agreement with Eastern is negotiated exclusively by representation of University Professionals of Illinois, Local 4100, IFT, AFT, AFL-CIO (Local 4100). Section 11 of the Illinois Educational Labor Relations Act (Act) (115 ILCS 5/11 (West 1992)) provides for the possibility of including a provision in the collective-bargaining agreement which allows for the collection from nonunion members of "a fair share fee for services rendered." The fair share may be deducted by the employer.

The Eastern collective-bargaining agreement contained the provision for fair-share assessment and collection. Petitioner filed an objection with the IELRB, challenging the fair share assessed to him. His objection was subsequently consolidated with other fair-share objections.

We digress now to set forth some extraneous background, because it helps to explain what then happened. Petitioner, who is listed with the department of mathematics, represented himself and appears in this court *pro se.* He has cited constitutional issues and various Illinois and Federal case decisions, as well as United States Constitu-

tion amendments, Illinois constitutional provisions, and other authorities. We would be generous if we said his brief and reply brief complied with supreme court rules. It appears that petitioner was possibly a burden to the IELRB and Local 4100.

Local 4100 offered to return petitioner's fair-share fees, with interest, for the year in question. Local 4100 also filed a motion to separate petitioner's objection from the others. Local 4100 also asked, because of the proposed repayment, that petitioner's objection be dismissed. Petitioner objected, contending he had a right to participate with others and have all his various claims adjudicated. The IELRB found the offer of a full refund from Local 4100 to be a complete resolution of petitioner's fair-share objection and held that, upon return of petitioner's fair-share fees with interest, the objection would be dismissed. 10 Pub. Employee Rep. (Ill.) par. 1043, at 1X—176.

Petitioner's appellate jurisdiction is allowed under section 16(a) of the Act (115 ILCS 5/16(a) (West Supp. 1993)).

Regardless of numerous contentions contained in petitioner's brief and reply brief, there is only one issue before this court: whether the IELRB can dismiss an objection to a fair-share assessment when a complete refund, with interest, is tendered by the bargaining unit.

■ Initially, we again recognize that the IELRB is concerned with a special area of law and the decision of the IELRB should be given considerable deference because of the Board's expertise. *Decatur Federation of Teachers v. Illinois Educational Labor Relations Board* (1990), 199 Ill. App. 3d 190, 197, 556 N.E.2d 780, 784; *Board of Trustees of Community College District No. 502 v. Illinois Educational Labor Relations Board* (1993), 241 Ill. App. 3d 914, 916-17, 608 N.E.2d 950, 952.

■ ■ One purpose of the Act is to expedite resolution of disputes involving educational employees and employers. (115 ILCS 5/1 (West 1992).) In fair-share disputes, a reasonably prompt decision by an impartial decisionmaker is necessary. (*Chicago Teachers Union, Local No. 1 v. Hudson* (1986), 475 U.S. 292, 307, 89 L. Ed. 2d 232, 247, 106 S. Ct. 1066, 1076.) Unilateral settlement is an accepted labor practice, as indicated by the National Labor Relations Act (29 U.S.C. §§ 151 through 169 (1988)). (See *NLRB v. United Food & Commercial Workers Union, Local 23* (1987), 484 U.S. 112, 98 L. Ed. 2d 429, 108 S. Ct. 413.) Here, the settlement gave the petitioner complete return with interest. He was made whole.

It is apparent that petitioner's presence in a consolidated hearing could well prolong a determination of the correct fair-share amounts. The decision to dismiss petitioner's objection upon refund was not

672

unreasonable, and the determination of authority to do so was correct.

Affirmed.

COOK and STEIGMANN, JJ., concur.