MT. VERNON EDUCATION ASSOCIATION, IEA-NEA, Petitioner, v. IL-LINOIS EDUCATIONAL LABOR RELATIONS BOARD *et al.*, Respondents.—MT. VERNON SCHOOL DISTRICT No. 80, Petitioner, v. ILLINOIS EDUCATIONAL LABOR RELATIONS BOARD *et al.*, Respondents.

Fourth District   Nos. 4—95—0094, 4—95—0135 cons.

Argued January 24, 1996.—Opinion filed March 29, 1996.

Wanda Van Pelt (argued), of Edwardsville, for Mt. Vernon Education Association.

John F. Canna (argued), and Thomas J. Canna, both of Canna & Canna, Ltd., for Mt. Vernon School District No. 80.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Karen J. Dimond (argued), Assistant Attorney General, of counsel), for respondent Illinois Educational Labor Relations Board.

JUSTICE KNECHT delivered the opinion of the court:

In September 1992, Mt. Vernon School District No. 80 (District) filed an unfair labor practice charge with the Illinois Educational Labor Relations Board (Board) against Mt. Vernon Education Association, IEA-NEA (Association), charging the Association with refusing to bargain in good faith over a mandatory subject of bargaining, a "zipper" clause, in violation of section 14(b)(3) of the Illinois Educational Labor Relations Act (Act) (115 ILCS 5/14(b)(3) (West 1992)). In October 1992, the Association filed an unfair labor practice charge against the District alleging the District insisted to impasse over a nonmandatory subject of bargaining, the same "zipper" clause, and refused to sign a collective-bargaining agreement which excluded the "zipper" clause in violation of sections 14(a)(1), (a)(5) and (a)(6) of the Act. 115 ILCS 5/14(a)(1), (a)(5), (a)(6) (West 1992).

The Executive Director of the Board issued a complaint regarding the District's charge and another regarding the Association's charges under sections 14(a)(1) and (a)(5) but dismissed the charge under section 14(a)(6). The remaining charges were consolidated for hearing before an administrative law judge (ALJ) for the Board. In March 1994, the ALJ found the "zipper" clause to be nonmandatory and dismissed the complaint against the Association while sustaining the complaint against the District. *Mt. Vernon School District 80*, 10 Pub. Employee Rep. (Ill.) par. 1058, Nos. 93—CA—0018—S, 93—CB—

0002—S (Illinois Educational Labor Relations Board, ALJ's recommended decision, March 17, 1994). The District filed an exception to the ALJ's conclusions of law.

In January 1995, the Board issued an opinion and order affirming in part and reversing in part the ALJ. *Mt. Vernon School District No. 80*, 11 Pub. Employee Rep. (Ill.) par. 1013, Nos. 93—CA—0018—S, 93—CB—0002—S (Illinois Educational Labor Relations Board January 6, 1995) (hereinafter 11 Pub. Employee Rep. (Ill.) par. 1013). The Board held "broad" zipper clauses are permissive subjects of bargaining but the zipper clause involved in this case is a "narrow" zipper clause and, therefore, was a mandatory subject of bargaining. Accordingly, the Board found the District had not violated the Act and dismissed the complaint in No. 93—CA—0018—S in its entirety; it also found the Association had violated section 14(b)(3) of the Act, reversing the ALJ and reinstating the complaint in No. 93—CB—0002—S. Both the Association (No. 4—95—0094) and the District (No. 4—95—0135) filed petitions for review with this court. The cases were consolidated on appeal by order of court.

■ Before we address the issues presented, it would be helpful to discuss the purpose of a zipper clause. A zipper clause "seeks to close out bargaining during the contract term and to make the written contract the exclusive statement of the parties['] rights and obligations." *National Labor Relations Board v. Tomco Communications, Inc.*, 567 F.2d 871, 879 (9th Cir. 1978). The parties to a written contract typically want the writing to be the exclusive statement of what they have agreed to. A zipper clause conveys the message that this agreement contains the complete understanding of the parties. It zips up and closes their negotiations and announces there is no more to bargain about until next time.

Narrow zipper clauses waive the right to bargain over issues actually negotiated by the parties. Broad zipper clauses use specific language to foreclose bargaining on any issue not included in the contract even if the issue was unknown or not within the contemplation of the parties at the time the contract was signed.

The basic issue presented by these consolidated cases is whether the Board properly found the zipper clause at issue to be a "narrow" clause and, therefore, a mandatory subject of bargaining. Along with this issue the parties have raised several other issues, including whether the Board's ruling should be accorded deference by this court; whether the Board erred in ruling on "broad" zipper clauses when the clause before it was a "narrow" clause; whether the Board erred in ruling "broad" zipper clauses were merely a permissive subject of bargaining; and, even if the zipper clause at issue here was

a mandatory subject of bargaining, whether the Association engaged in an unfair labor practice by insisting to impasse the clause not be included in the parties' collective-bargaining agreement.

We find the Board's ruling should be accorded deference. Further, it was necessary for the Board to discuss broad zipper clauses and it correctly ruled they were a permissive subject of bargaining. We affirm the order of the Board finding the zipper clause at issue here to be a narrow clause and a mandatory subject of bargaining and finding the Association engaged in an unfair labor practice.

The facts are not disputed. Prior to 1988 the collective-bargaining agreements between the Association and the District contained the following provision:

> "*Content of Agreement*
> The terms and conditions set forth in this Agreement represent the full and complete understanding and commitment between the Board and the Association. Both parties acknowledge that during the negotiations which resulted in this Agreement, each had the unlimited right and opportunity to make demands and proposals upon the other party. All understanding and agreements arrived at after the exercise of this right and opportunity are set forth in this Agreement. Subject matters not referred to in this Agreement or statutes applicable to matters covered by this Agreement shall not be considered as part of the Agreement and remain exclusive Board and/or Administration prerogatives."

During negotiations for the successor to the 1986 through 1988 bargaining agreement, the District proposed the insertion of the following "zipper" clause prior to the last sentence of the content-of-agreement section of the contract:

> "The parties each voluntarily and unqualifiedly waive any rights which might otherwise exist under law to negotiate over any matter during the term of this Agreement, and each agrees that the other shall not be obligated to bargain collectively during the term of this Agreement."

The language proposed by the District was inserted in the 1988 through 1990 contract by agreement after the District agreed to the fair share proposal requested by the Association in exchange for which the Association agreed to the zipper clause. The fair share and zipper clause language was again included in the 1990 through 1992 contract when neither party asked for any changes in those clauses.

The District's initial proposal for the successor contract after 1992 included the two clauses unchanged from the prior contracts. The Association, however, in its initial proposal asked to drop the last two sentences of the content-of-agreement clause of the contract which included the disputed zipper clause language. Throughout the

1992 negotiations the Association insisted the zipper clause language was a permissive subject of bargaining and should be deleted. The District insisted the language was a mandatory subject of bargaining and should be included.

The parties reached an agreement on all issues for the 1992-93 contract *except* the zipper clause language. The Association spokesperson stated although the fair share and zipper clauses had been tied together in the 1988 negotiations, that had been with the old board of education and the Association did not feel obligated to continue that agreement. The parties were at impasse on the issue of the zipper clause language. Each party drafted a final agreement. The Association's draft deleted the zipper clause language. The District's draft included the language. Each party refused to sign the other's draft.

No further negotiations on a 1992-93 contract have been held since September 1992 although a collective-bargaining agreement covering 1993 through 1996 was agreed to by the parties during the pendency of the parties' proceedings before the Board which did contain the zipper clause language at issue here. This circumstance was the subject of a motion to dismiss filed by the District with the Board on the grounds the issue was then moot. The Board denied the District's motion and that ruling is not before this court.

■ Decisions by an administrative agency on a legal question are reviewed *de novo*, but an agency's construction of a statute it administers will be given deference by a reviewing court unless the agency's decision is unreasonable or erroneous. *Board of Education of Community High School District No. 155 v. Illinois Educational Labor Relations Board*, 247 Ill. App. 3d 337, 344, 617 N.E.2d 269, 274 (1993). To do otherwise would result in the substitution of the court's general knowledge for the expertise required of Board members by section 5 of the Act (115 ILCS 5/5 (West 1992)). *Board of Trustees of Community College District No. 502 v. Illinois Educational Labor Relations Board*, 241 Ill. App. 3d 914, 917, 608 N.E.2d 950, 952 (1993).

In this matter the Board has determined what types of zipper clauses are mandatory subjects of bargaining. The Act does not set forth an exhaustive list of mandatory bargaining topics. The Board's expertise in educational labor matters makes it best qualified to make a determination on what issues are subjects of mandatory bargaining. See *Central City Education Ass'n v. Illinois Educational Labor Relations Board*, 149 Ill. 2d 496, 522, 599 N.E.2d 892, 904 (1992); *Board of Trustees of the University of Illinois v. Illinois Educational Labor Relations Board*, 244 Ill. App. 3d 945, 953, 612

N.E.2d 1365, 1370 (1993). Thus, the Board's determination as to which zipper clauses are mandatory subjects of bargaining is an appropriate area to be accorded deference.

The Board found zipper clauses with language which essentially states " 'the negotiated agreement constitutes the *** complete understanding between the parties' " are "narrow" zipper clauses and result in a waiver of bargaining during the life of the contract on matters actually negotiated by the parties. 11 Pub. Employee Rep. (Ill.) par. 1013, at IX—46 through IX—47, quoting *Southeast Polk Community School District*, 1 Pub. Employment Rel. Bd. Case Nos. 1423, 1428 (Iowa Public Employment Relations Board February 21, 1979). Some zipper clauses also add language relieving the parties of further bargaining obligations for matters not contained in the written contract but negotiated by the parties even if those matters are themselves mandatory subjects of bargaining. Other zipper clauses go even further and add language specifically waiving bargaining on matters that were not even within the knowledge or contemplation of the parties at the time the agreement was signed.

The Board found the "narrow" zipper clause, which waives bargaining during the term of a contract on all matters negotiated by the parties before the execution of the contract, whether or not contained in the contract, to be a mandatory subject of bargaining. The Board found such clauses fostered contract stability and supported a fundamental purpose of section 1 of the Act in promoting "orderly and constructive relationships between all educational employees and their employers." 115 ILCS 5/1 (West 1992).

Conversely, the Board found zipper clauses with broad language expressly waiving bargaining on matters unforeseen or unknown by either party at the time of the contract to be a permissive subject of bargaining. It was the view of the Board the public policy advanced by the Act did not support an insistence by a public educational employer on such broad provisions.

The Board noted the policy of the Act is to promote the negotiation process between an educational employer and the employees' exclusive bargaining representative in order to achieve stable labor relations. Section 1 of the Act states:

"It is the public policy of this State and the purpose of this Act to promote orderly and constructive relationships between all educational employees and their employers. Unresolved disputes between the educational employees and their employers are injurious to the public, and the General Assembly is therefore aware that adequate means must be established for minimizing them and providing for their resolution. It is the purpose of this Act to

regulate labor relations between educational employers and educational employees, including the designation of educational employee representatives, negotiation of wages, hours and other conditions of employment and resolution of disputes arising under collective bargaining agreements. *** Recognizing that harmonious relationships are required between educational employees and their employers, the General Assembly has determined that the overall policy may best be accomplished by *** requiring educational employers to negotiate and bargain with employee organizations representing educational employees and to enter into written agreements evidencing the result of such bargaining ***." 115 ILCS 5/1 (West 1992).

The Board further noted section 10(a) of the Act (115 ILCS 5/10(a) (West 1992)) obligates employers and exclusive representatives to bargain in good faith over wages, hours and other terms and conditions of employment, drawing no distinction between initial bargaining and midterm bargaining. The Board noted in its previous decision in *Rock Falls Elementary School District No. 13*, 2 Pub. Employee Rep. (Ill.) par. 1150, No. 85—CA—0052—C (Illinois Educational Labor Relations Board November 12, 1986) (hereinafter 2 Pub. Employee Rep. (Ill.) par. 1150), a statutory duty to negotiate during the term of a collective-bargaining agreement exists based on the policy statement of the Act and the bargaining requirements of section 10(a) of the Act despite the fact the Act contains no language specifically pertaining to midterm bargaining. In *Rock Falls*, the Board stated it was unwilling to accept that district's contention the omission from the Act of any language pertaining to midterm bargaining prevented a district from having to engage in such bargaining because it would negate the requirements of section 10 of the Act (115 ILCS 5/10 (West 1992)) imposing on public employers the duty to bargain collectively. 2 Pub. Employee Rep. (Ill.) par. 1150, at VII—437.

The Board concluded a broad zipper clause which expressly requires a union to waive bargaining for the term of a contract over *unanticipated* matters essentially requires a union to waive its statutory right to midterm bargaining. Such a provision is not itself a wage, hour or term or condition of employment and, therefore, is not a mandatory subject of bargaining. The waiver of a statutory right is a permissive subject of bargaining. *University of Illinois*, 244 Ill. App. 3d at 949, 612 N.E.2d at 1368; *Board of Regents of the Regency Universities System (Northern Illinois University)*, 7 Pub. Employee Rep. (Ill.) par. 1113, No. 91—CA—0037—C (Illinois Educational Labor Relations Board October 24, 1991) (hereinafter 7 Pub. Employee Rep. (Ill.) par. 1113).

The Board found persuasive the reasoning of the court in a Wisconsin case, Deerfield Community School District v. Wisconsin Employment Relations Comm'n (Cir. Ct. Dane Co., January 12, 1981), slip op. at 1, which noted the clause at issue there stated the parties were waiving

> "[O]ther subjects or matters relating to wages, hours or conditions of employment even though such subject or matter may not have been within the knowledge and contemplation of either or both of the parties at the time that they negotiated or signed this Agreement." (Emphasis omitted.)

This language specifically foreclosed bargaining about *new* matters which were not and could not have been bargained before the contract was completed. The court said where matters could not have been bargained prior to a contract, public policy which supports collective bargaining of disputed questions requires collective bargaining be given an opportunity to solve problems not covered by contract. For that reason, where a clause would foreclose attempts to resolve new problems by bargaining, it would constitute a waiver only if both parties voluntarily agreed to it. The Deerfield court concluded a compulsory denial of the right to bargain new matters would not be a waiver but a forced denial of a statutory right.

The Board concluded certain zipper clauses may not be insisted upon to impasse, *i.e.*, are permissive subjects of bargaining. Clauses designed to waive bargaining on matters which were not and could not have been bargained before a contract was completed would result in a denial of midterm bargaining rights and are thus permissive subjects of bargaining.

The disputed clause in this case, unlike that in Deerfield, did not include any language specifically purporting to waive bargaining on matters which were not or could not have been known at the time the contract was executed. The Board determined because the disputed clause did not clearly and unequivocally waive the right to bargain over matters unforeseen by either party at the time of the contract's execution, it did not constitute a "broad" waiver of bargaining because waiver must be established by clear and unmistakable language. 2 Pub. Employee Rep. (Ill.) par. 1150, at VII—437 through VII—438. Therefore, the Board found the clause at issue in this case to be narrow and a mandatory subject of bargaining.

The Board acknowledged cases exist in other jurisdictions finding *all* zipper clauses to be mandatory subjects of bargaining (see *Tomco Communications*, 571 F.2d 871). Those cases appear to value contract stability over the negotiation process to a greater extent than the public policy the Act requires. Applying the policy statement of the

Act with the bargaining requirements of section 10(a), the Board found it would be contrary to the Act's endorsement of negotiated decisions regarding wages, hours and terms and conditions of employment to permit an employer to insist to impasse on a zipper clause which waived bargaining over matters unanticipated at the time of contract negotiations.

The District agrees with the Board's finding that the zipper clause in this case was a mandatory subject of bargaining, but contends the decision of the Board is void as it applies to "broad" zipper clauses because it had determined the clause in this case to be a "narrow" clause and the issue of "broad" zipper clauses was not before the Board. The District argues discussion and ruling on what language would be found to be a broad clause, and a permissive subject of bargaining, is an advisory opinion or declaratory ruling which is beyond the authority of the Board.

■ The Board, as a creature of statute, has only the powers specifically conferred upon it by statute (*Board of Education of Mundelein Elementary School District No. 75 v. Illinois Educational Labor Relations Board*, 179 Ill. App. 3d 696, 702, 534 N.E.2d 1022, 1026 (1989)), and any actions taken by the Board beyond its statutory authority are void. *Harrisonville Telephone Co. v. Illinois Commerce Comm'n*, 176 Ill. App. 3d 389, 392, 531 N.E.2d 43, 45 (1988). The Act does not grant authority to the Board to render advisory opinions or declaratory rulings, and although the Board has the authority to promulgate rules and regulations in accordance with the Illinois Administrative Procedure Act (5 ILCS 100/1—1 *et seq.* (West 1992)), it has not attempted to adopt any rules providing for declaratory rulings. See 115 ILCS 5/5(i) (West 1992). Absent such a rule, the Board has no authority to render declaratory rulings. *Harrisonville Telephone Co.*, 176 Ill. App. 3d at 392-93, 531 N.E.2d at 45.

The actions by the Board here do not constitute declaratory rulings. In order to make a determination on the mandatory or permissive bargaining nature of the clause at issue here, it was necessary for the Board to discuss the nature of zipper clauses in general. Instead of adopting the extreme position of one of the parties, *i.e.*, the District's position all zipper clauses are mandatory subjects of bargaining or the Association's position all zipper clauses are permissive subjects of bargaining, the Board discerned a distinction between zipper clauses depending on their language and found those with language providing for a broad waiver of collective-bargaining rights to be a permissive subject of bargaining and those with language establishing a narrow waiver of collective-bargaining rights to be a mandatory subject of bargaining.

The Board was required to explain which types of zipper clauses are narrow and which types are broad in order to find the clause before it was a narrow clause. It went on to hold not all zipper clauses are mandatory and gave examples of those which would be permissive. It is within the Board's power to clarify its rulings, and the opinion in this case was contrasted with that in *Rock Falls* (2 Pub. Employee Rep. (Ill.) par. 1150), in which the Board was asked to examine a broad zipper clause. We find the Board's rationale for discussing broad zipper clauses as well as narrow zipper clauses reasonable and within its powers to determine the mandatory or permissive nature of a subject of bargaining.

The Association, on the other hand, argues the Board's decision should not be accorded deference because it contends the Board has not followed its own precedent in determining the zipper clause was a mandatory subject of bargaining. In determining whether an agency's decision was unreasonable or erroneous, the Association urges the court to look to prior determinations of the agency on similar issues. While an agency is not bound by its prior determinations, changes to agency standards can only be made where they are not arbitrary or capricious. *City of Chicago v. Illinois Commerce Comm'n*, 133 Ill. App. 3d 435, 440, 478 N.E.2d 1369, 1373 (1985).

The Association argues because in its prior decisions in *University of Illinois* (244 Ill. App. 3d 945, 612 N.E.2d 1365) and *Board of Regents* (7 Pub. Employee Rep. (Ill.) par. 1113) the Board found a waiver of a statutory right to be a permissive subject of bargaining, the Board should have followed its own precedent instead of developing what the Association terms an unwarranted distinction.

■ The Board's distinction is based on relevant case law. Clauses which do not waive bargaining over unforeseen matters (narrow clauses) have been consistently acknowledged in Illinois as not foreclosing midterm bargaining because there is a continuing obligation to bargain for subjects not fully set forth in an agreement. *Central City*, 149 Ill. 2d at 529, 599 N.E.2d at 908; *West Chicago School District No. 33 v. Illinois Educational Labor Relations Board*, 218 Ill. App. 3d 304, 310-11, 578 N.E.2d 232, 236-37 (1991); *Fairfield Community High School District No. 225*, 11 Pub. Employee Rep. (Ill.) par. 1025, No. 95—CA—0021—S (Illinois Educational Labor Relations Board, Executive Director, March 17, 1995).

Public sector cases from other states are also of persuasive value. In the instances where they have found zipper clauses to be mandatory subjects of bargaining they were narrow zipper clauses not containing any language referring to unknown or unforeseeable subjects of bargaining. See *Onondaga-Madison Board of Cooperative*

*Educational Sources,* 18 N.Y. Pub. Employment Rel. Bd. Rep. 3040 (New York Public Employment Relations Board 1985); *In re City of Jersey City,* 9 Pub. Employee Rep. (N.J.) par. 14249, No. SN—83—43 (New Jersey Public Employee Relations Comm'n, September 16, 1983); *In the Matter of Southeast Polk Community School District,* 1 Pub. Employment Rel. Bd. Case Nos. 1423, 1428 (Iowa Public Employment Relations Board February 21, 1979); *Eugene School District No. 4J,* 4 Pub. Employee Collective Bargaining Rep. 2403, No. C—165—78 (Oregon Employment Relations Board August 24, 1979). Where a zipper clause included a waiver of subjects not known or contemplated by either or both parties to the agreement, however, it was found to be a broad zipper clause and only a permissive subject of bargaining because it was inconsistent with the public policy of midterm bargaining. Deerfield (Cir. Ct. Dane Co., January 12, 1981).

In this case, the Board has found there to be a statutory right to midterm bargaining only for subjects of collective bargaining not negotiated or the subject of a clause in an existing collective-bargaining agreement. See 2 Pub. Employee Rep. (Ill.) par. 1150. The right to midterm bargaining, found by the Board by the totality of the Act, is not absolute. The Board properly made a distinction between zipper clauses dealing with bargaining over subjects fully negotiated and over those not even anticipated.

In its opinion, the Board found a zipper clause which forecloses bargaining about new, unanticipated issues constituted a denial of the statutory right to midterm bargaining and neither party could be compelled to bargain over or agree to such a clause. No continuing bargaining obligation exists for subjects already included in the contract or for which the parties have negotiated but have abandoned and not included in their contract. A narrow zipper clause, like the one at issue here, merely acknowledges the parties have exercised their right to bargain over known topics and they intend to be bound by their agreement for the life of the contract. Such a clause promotes contract stability while leaving open the opportunity to bargain over unforeseen issues that arise during the life of the contract.

Although it disagrees with this policy determination by the Board, the Association argues even if the clause at issue was a mandatory subject of bargaining, the Association did not refuse to negotiate the clause, but merely engaged in "hard bargaining." The Association notes section 10(a) of the Act does not require either party to agree to a proposal or require the making of a concession. 115 ILCS 5/10(a) (West 1992). The Association asserts it did not fail to negotiate in good faith as good-faith bargaining does not prohibit a party from having as its goal reaching agreement on terms favorable to it.

*Round Lake School District No. 116*, 8 Pub. Employee Rep. (Ill.) par. 1074, No. 92—CA—0058—C (Illinois Educational Labor Relations Board July 7, 1992).

The Board's determination the Association refused to negotiate is a factual determination which is entitled to substantial deference by a reviewing court and will be reversed only if it is against the manifest weight of the evidence. *Community High School District No. 155*, 247 Ill. App. 3d at 344, 617 N.E.2d at 274; *American Federation of State, County & Municipal Employees, AFL-CIO v. Illinois Educational Labor Relations Board*, 197 Ill. App. 3d 521, 524-25, 554 N.E.2d 476, 478 (1990). The facts indicate the Association consistently insisted throughout negotiations for the successor to the 1990 through 1992 agreement it did not have to come to terms over the zipper clause previously included in its agreement with the district as it was only a permissive subject of bargaining. The Association has not demonstrated the Board's finding was against the manifest weight of the evidence and, thus, it should not be reversed.

We agree with the Board's determination the Act, when read in its totality, sets forth a right to midterm bargaining. Further, we agree the reasoning in the Deerfield case is persuasive. Thus, an attempt to waive matters not known or foreseeable at the time of contract negotiations would be a waiver of a statutory right which would be a permissive subject of bargaining only.

We also agree with the Board's determination the specific clause at issue here is a mandatory subject of bargaining because it does not attempt with specific language to waive unknown or unforeseeable subjects. Instead it states no new negotiations will be held during the term of the agreement. The clause states the parties exercised their collective-bargaining rights and set forth their understanding in the agreement. The clause could properly be held to be a mandatory subject of bargaining to promote contract stability. We find the Board's decision to be reasonable and correct.

The opinion and order of the Board is affirmed.

Affirmed.

COOK, P.J., and McCULLOUGH, J., concur.